928 F.2d 404
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herman HARRIS, Jr., Petitioner-Appellant,
v.
WARDEN, WARREN CORRECTIONAL INSTITUTION, Respondent-Appellee.
 No. 90-3869.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1991.
 
 S.D.Ohio, No. 87-00044; Rice, J.
 S.D.Ohio
 AFFIRMED.
 Before KRUPANSKY and BOGGS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Herman Harris, Jr., a pro se Ohio prisoner, appeals the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Harris pleaded guilty to involuntary manslaughter and was sentenced to five to twenty-five years imprisonment. Harris did not pursue a direct appeal of his conviction, but he did file a motion for post-conviction relief. The trial court denied the motion and the Ohio Court of Appeals affirmed the judgment. The Ohio Supreme Court later denied discretionary review.
 
 
 3
 Thereafter, Harris filed his habeas petition alleging: 1) his guilty plea was involuntary as it was made without an understanding of the nature of the charge; 2) his conviction was obtained by two separate violations of his privilege against self-incrimination; and 3) he received ineffective assistance of counsel. The magistrate filed his first report finding that Harris had waived review of all his claims except # 3. The magistrate ordered the respondent to file a supplemental return of writ responding to the merits of the ineffective assistance of counsel claims. Harris filed objections to the report. Thereafter, the magistrate filed his second report recommending the petition be dismissed, finding that Harris had not established cause and prejudice to excuse his failure to present the first two claims in the Ohio courts, and that the ineffective assistance of counsel claims did not warrant habeas relief. The district court adopted the magistrate's recommendation over Harris's objections.
 
 
 4
 On appeal, Harris reasserts his claims and has filed a motion for the appointment of counsel. Harris also argues that ineffective assistance of counsel is "cause" to excuse his procedural default.
 
 
 5
 Upon review, we conclude the district court properly dismissed Harris's habeas petition. Accordingly, we hereby deny the motion for the appointment of counsel and affirm the district court's judgment for the reasons stated in the magistrate's reports dated May 9, 1990 and July 26, 1990, as adopted by the district court on September 13, 1990. Rule 9(b)(5), Rules of the Sixth Circuit.